IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TAYLOR RYAN KEELE,<br><br>                Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | **MEMORANDUM DECISION AND ORDER DENYING AMENDED MOTION TO REDUCE SUPERVISED RELEASE CONDITIONS AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Case No. 2:23-cv-00132-TC<br><br>Judge Tena Campbell |

Before the court is Petitioner Taylor Ryan Keele's "Motion to Modify or Reduce the Supervised Release Conditions As-Applied." (Civ. ECF No. 7[1] ("Am. Mot.")). Mr. Keele argues that the term of release to which he has been sentenced violates the United States Constitution's Double Jeopardy Clause. Id. For the reasons discussed below, the court construes this motion as a motion seeking relief under 28 U.S.C. § 2255, denies and dismisses Mr. Keele's Amended Motion (Civ. ECF No. 7), and denies a certificate of appealability.

## BACKGROUND

On July 22, 2019, Mr. Keele pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C §2252A(a)(5)(B) and (b)(2). (See Minute Entry, Crim. ECF No. 43). On February 12, 2020, he was sentenced to 54 months in custody. (Judgment,

---

[1] "Crim. ECF No." refers to the case docket in United States v. Keele, Case No. 2:18-cr-00488-TC (D. Utah). "Civ. ECF No." refers to the case docket in the above-captioned matter, Keele v. United States, Case No. 2:23-cv-00132-TC (D. Utah). "Stark ECF No." refers to the case docket in United States v. Stark, 2:14-cr-00012 (D. Utah).

Crim. ECF No. 63).[2]   The court further ordered that upon release from confinement, Mr. Keele would be on supervised release for life.   Id. at 3.

Mr. Keele's first motion raising the issues at hand was filed in his criminal case.   See United States v. Keele, Case No. 2:18-cr-00488-TC (D. Utah) (Crim. ECF No. 66) ("First Motion").   He filed that motion pro se, on December 12, 2022.   Id.   He titled it "Motion To Modify Or Terminate Supervise Release Conditions As Unconstitutional As Applied Pursuant to 18§3583(e)(2) and Fed.R.Crim.P.32.1(c)."   Id.   Without passing on its merits or timeliness, the court stated that for the purposes of ordering the government to respond to the First Motion, the court was planning to construe the motion as one filed under 28 U.S.C. § 2255.   (See Order for Response, Civ. ECF No. 2).   This required the court to open a civil case—the above-captioned civil case, Case No. 2:23-cv-00132-TC.

In this civil case, Mr. Keele filed a Request for Admissions.   (Civ. ECF No. 4).   In an Order dated April 13, 2023, the court determined that it would not require Mr. Castle to respond to Mr. Keele's Request for Admissions.   (April 13 Order, Civ. ECF No. 5 at 2).[3]   Mr. Keele

---

[2] The date of imposition of judgment is February 10, 2020, but the date of the judgment in Mr. Keele's criminal case is February 12, 2020.   (Judgment, Crim. ECF No. 63).   In its analysis, the court uses the later of these dates, which is more favorable for Mr. Keele, but notes that the two-day difference is not relevant to the outcome of its analysis.

[3] Mr. Keele's requested admissions were improper.   First, his requests fall outside Rule 36's scope.   In relevant part, the rule states that "A party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either."   Fed. R. Civ. P. 36(a)(1)(A).   Mr. Keele's requests are requests for legal opinions, requests for the application of law to his case generally (rather than to facts), and requests about the contents and implications of Mr. Keele's own pleadings; these are not requests allowed by Rule 36.   Second, even if his requests were allowed by the Rules, the admissions sought can be obtained from another source that is more convenient and less burdensome.   Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local

2

appealed this decision to the Tenth Circuit by way of a petition for a writ of mandamus. The Tenth Circuit denied Mr. Keele's petition because he had not made the required showing for such a remedy to be issued, and the Tenth Circuit was "not satisfied that a writ is appropriate under the circumstances presented here." In re: Keele, Case No. 23-4053, at 2 (10th Cir. June 28, 2023).

In that same April 13 Order, this court "t[ook] th[e] opportunity to warn Mr. Keele that it intends to recharacterize the Motion (filed at Civ. ECF No. 1 and Crim. ECF No. 66) as a § 2255 motion . . . in assessing the merits and timeliness of the Motion itself." Id. The court explained it was doing so because Mr. Keele was challenging the constitutionality and legality of his supervised release sentence, and such claims are appropriate claims to consider under Section 2255. Id. The court warned Mr. Keele that the recharacterization of the Motion as a Section 2255 motion will mean that any subsequent Section 2255 motion would be subject to the restrictions on "second or successive" motions. Id. (citing 28 U.S.C. § 2255(h)). "[T]he court

---

rule if it determines that: the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."). It is appreciably more convenient and less burdensome for Mr. Keele to answer his own legal research questions rather than sending his requests to the Government, and having the Government interpret and answer them. (See Request for Admissions, Civ. ECF No. 4 ¶¶ 1–5, 12, 13, 15, 18–21 (requesting legal opinions)); (id. ¶¶ 8, 11, 16, 18–21 (requesting interpretations of statutes or other cases)) . Likewise, it is more convenient and less burdensome for him to discern the content of his own pleadings than having the Government interpret them for him. (See id. ¶¶ 2, 5, 6, 7, 9–12, 14, 17 (requesting admissions about implications of Mr. Keele's motion)). Additionally, Mr. Keele's Request for Admissions should not have been filed with the court. See DUCivR 26-1(a)(C). However, Mr. Keele certified that he served a copy of his Request by mail. (See Request for Admissions, Civ. ECF No. 4 at 3). Regardless, the material relevant to the requested admissions is not relevant to the court's timeliness or waiver analyses in this Order.

3

[also] provide[d] Mr. Keele with an opportunity to either withdraw the Motion or amend it so that it contains all the § 2255 claims he believes he has." Id. at 4–5.

Following the court's April 13 Order, Mr. Keele did not withdraw his First Motion. He filed an amended motion, which is before the court. (Am. Mot., Civ. ECF No. 7). After it was filed, the court ordered the Government to respond, and also allowed that "Mr. Keele may file a reply within thirty (30) days after the Government files its response." (Order, Civ. ECF No. 8 at 2). The Government responded on May 18, 2023. (Opp. Am. Mot., Civ. ECF No. 9 at 6). Mr. Keele has not replied.

## ANALYSIS

Mr. Keele is representing himself, so the court construes his filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, the court cannot grant him relief. Below, the court explains its reasons for (1) recharacterizing his motion as one brought under Section 2255, (2) denying his Amended Motion, and (3) denying a certificate of appealability.

As a preliminary note, while Mr. Keele's Amended Motion, (Civ. ECF No. 7), is not the same as his First Motion (Civ. ECF No. 1), his Amended Motion does not present the court with new grounds for relief. But his Amended Motion is identical to a motion filed in another case, United States v. Stark, Case No. 2:14-cr-00012 (D. Utah) (Amended Motion at Stark ECF No. 62).[4] In Stark, Judge Clark Waddoups assessed the same issues as are before this court, and he dismissed the recharacterized Section 2255 motion before him in that case. 2023 WL 3391533,

---

[4] Mr. Stark has appealed Judge Waddoups' decision. See United States v. Stark, Case No. 23-4073 (10th Cir. 2023) (case opened May 31, 2023).

at *1 (D. Utah May 11, 2023). The court finds Judge Waddoups' analyses to be persuasive, and this court reaches the same result on Mr. Keele's pending Amended Motion.

### (1) The Court Recharacterizes Mr. Keele's Motion as One Brought under 18 U.S.C. § 2255.

Mr. Keele argues that his Amended Motion is properly brought under 18 U.S.C. § 3583(e)(2). (Am. Mot., Civ. ECF No. 7 at 1, 4–7). His First Motion also argued that he could obtain the relief he seeks under Rule 32.1(c) of the Federal Rules of Civil Procedure. (First Mot., Civ. ECF No. 1).

Neither Section 3583(e)(2) nor Rule 32.1(c) allow a defendant to challenge the legality or validity of the conditions of supervised release. Stark, 2023 WL 3391533, at *2. "And courts that have considered the issue have held that 'illegality is not a proper ground for modification' under Section 3583(e)(2)." Id. "Instead, a defendant seeking to challenge the legality of a condition of supervised release must do so on direct appeal or through a collateral attack pursuant to 28 U.S.C. § 2255." Id. (quoting Gross, 307 F.3d at 1044). In assessing the identical motion brought in Stark, Judge Waddoups observed that it did

> not seek a modification of the conditions of supervised release that is authorized by Section 3583(e)(2) or Rule 32.1(c). Instead, [it] ask[ed] the court to "modify the supervised release conditions by reducing the conditions to No Conditions" on the grounds that "[Mr. Stark] is contesting the application of those supervised release conditions as the application implicates double jeopardy protections." . . . [But] Mr. Stark's wordsmithing does not alter the fact that the grounds for the relief he seeks are based on a claim that his sentence to supervised release was illegal. Because Mr. Stark's challenge is to the legality of his sentence to supervised release, his motion may only be considered pursuant to Section 2255.

Id. (quoting Amended Pleading, Stark ECF No. 62 at 10); see also United States v. Lee, No. 22-1410, 2023 WL 3410535, at *1 (10th Cir. May 12, 2023). Mr. Keele also makes this argument.

5

(Am. Mot., Civ. ECF No. 7 at 10).  His "wordsmithing" is unavailing here, as it was in Stark. Mr. Keele's Amended Motion may only be considered under Section 2255.

Because the arguments Mr. Keele makes are properly brought under Section 2255, on April 13, 2023, the court issued a notice that it intended to recharacterize Mr. Keele's motion as a motion to vacate his sentence to supervised release under Section 2255.  (April 13 Order, Civ. ECF No. 5).  That notice warned Mr. Keele of the consequences of proceeding with a Section 2255 motion.  Id. at 4.  And it provided him with an opportunity to either withdraw the Motion or amend it so that it contains all the Section 2255 claims he believes he has.  Id. at 5.  Mr. Keele did not withdraw his First Motion, which he was permitted to do by the court's notice. Instead, Mr. Keele filed his Amended Motion.  It reasserts that the relief he seeks is available under Section 3583(e)(2).  As laid out above, it is not.  So, the court now recharacterizes Mr. Keele's Amended Motion as a motion seeking relief under Section 2255.  Stark, 2023 WL 3391533, at *2–*3 (recharacterizing identical motion as one seeking relief under Section 2255).

**(2) Mr. Keele's Motion Is Not Timely Under Section 2255.**

To have a Section 2255 motion considered on its merits, "a petitioner must generally file the motion within the one-year statute of limitations set forth in Section 2255(f)."  Id.  The one-year limitations period for a Section 2255 motion begins to run "from the latest of—

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. (quoting 28 U.S.C. 2255(f)(1)–(4)). The appliable statute of limitations here is the one in Section 2255(f)(1). Id. (noting, in assessing identical motion, subsection (f)(1) applies due to lack of claims relevant to other subsections of Section 2255(f)). It requires such motions to be filed within one year of "the date on which the judgment of conviction becomes final." Id.

Mr. Keele's sentence was recorded in a judgment entered on February 12, 2020. (Judgment, Crim. ECF No. 63). Mr. Keele did not file an appeal. "For purposes of § 2255, that means his criminal conviction became final when his time for filing a direct appeal expired— fourteen days after the district court entered its judgment of conviction." United States v. Mathisen, 822 F. App'x 752, 753 (10th Cir. 2020) (unpublished) (citing Fed. R. App. P. 4(b)(1)(A)(i))[5]; United States v. Prows, 448 F.3d 1223, 1227–28 (10th Cir. 2006) (citing Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005)). Under this timeline, Mr. Keele's conviction became final on February 26, 2020. The one-year limitations period expired on February 26, 2021. See United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Yet, Mr. Keele did not file his First Motion until December 12, 2022. (First Mot., Crim. ECF No. 66). It is consequently untimely, as is his Amended Motion.[6] Mr. Keele's motion is accordingly dismissed under Rule 4(b) of the Rules Governing Section 2255 Proceedings. See Stark, 2023 WL 3391533, at *3 (dismissing identical motion on Rule 4(b) grounds).

---

[5] Unpublished decisions are cited for persuasive value. Fed. R. App. 32.1; DUCivR 7-2(a)(2).
[6] The Section 2255 limitations period is, as the government points out, subject to tolling. (Opp. Am. Mot., Civ. ECF No. 9 at 6). Mr. Keele argues that his motion is timely but fails to show that his delay was beyond his control or that he diligently pursued his claim. As a result, there is no indication that equitable tolling is appropriate here. See United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)).

### (3) Mr. Keele Waived His Right to Challenge His Sentence in A Collateral Review Motion.

An independent reason to dismiss Mr. Keele's motion is his waiver of his collateral-attack rights. "[A] defendant's waiver of the right to collaterally attack his sentence pursuant to Section 2255 is generally enforceable, as long as the defendant 'agreed to its terms knowingly and willingly.'" Stark, 2023 WL 3391533, at *4 (quoting United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001)).

In Mr. Keele's case, the waiver provision at issue states:

> I . . . knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

(Statement in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C), Crim. ECF No. 45 ¶ 12(f)(2)). The court agrees the waiver applies here. Mr. Keele has neither responded to the government's waiver argument, nor argued that the waiver was not made knowingly and willingly. Consequently, the court finds that Mr. Keele has waived his right to challenge the legality of his sentence to supervised release through a collateral attack. This provides an additional and independent basis for dismissing Mr. Keele's motion. Stark, 2023 WL 3391533, at *4 (dismissing identical motion on waiver grounds).

### (4) The Court Denies A Certificate of Appealability.

Having denied Mr. Keele's motion, the count now considers whether issuing a certificate of appealability is appropriate. United States v. Wilson, No. CIV 16-0595, 2018 WL 671179, at *5 (D.N.M. Jan. 31, 2018) (noting under "Rules Governing Section 2255 Proceedings, the Court

must issue or deny a certificate of appealability when it enters a final order adverse to the movant."). It "may only issue a certificate of appealability if it concludes that [the movant] has 'made a substantial showing of the denial of a constitutional right.'" <u>Stark</u>, 2023 WL 3391533, at *4 (quoting 28 U.S.C. § 2253(c)(2)). Mr. Keele has not made such a showing. As a result, the court must deny a certificate of appealability. <u>Id.</u> (denying certificate of appealability after denying a Section 2255 motion identical to the one before this court).

"When a 'court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.'" <u>Id.</u> (citing Rule 11(a) of the Rules Governing Section 2255 Proceedings). "The time for filing an appeal is governed by Rule 4(a) of the Federal Rules of Appellate Procedure." <u>Id.</u> (citing Rule 11(b) of the Rules Governing Section 2255 Proceedings).

## ORDER

For the reasons discussed in this Order, the court DENIES Mr. Keele's request to reduce his supervised released conditions and DISMISSES his motion (Civ. ECF No. 7). The court also DENIES a certificate of appealability.

DATED this 14th day of July, 2023.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge